UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTIANA TRUST, | Case No. 2:17-CV-2441 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| HOLLYWOOD RANCH HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Christiana Trust v. Hampton & Hampton Collections, LLC et al*, case no. 2:17-cv-02441-JCM-NJK. This order addresses the following motions:

1. Defendant Hollywood Ranch Homeowner's Association's ("the HOA") motion to dismiss. (ECF No. 16). Plaintiff Christiana Trust ("plaintiff") filed a response (ECF No. 17), to which the HOA replied (ECF No. 20).

2. The HOA's motion for summary judgment. (ECF No. 50). Plaintiff filed a response (ECF No. 54), to which the HOA replied (ECF No. 58).

3. Plaintiff's motion for summary judgment. (ECF No. 51). The HOA filed a response (ECF No. 55), to which plaintiff replied (ECF No. 59).

4. Defendant Nevada Legal Support Services' ("NLSS") motion for summary judgment. (ECF No. 35). Plaintiff filed a response (ECF No. 42). Plaintiff has not filed a reply, and the time for doing so has since passed.

5. Plaintiff's first motion for leave to conduct discovery. (ECF No. 18). The HOA filed a response (ECF No. 21), to which plaintiff replied (ECF No. 23).

6. Plaintiff's second motion for leave to conduct discovery. (ECF No. 43).

Defendants have not filed a response, and the time for doing so has since passed.

7. Plaintiff's motion to stay case. (ECF No. 19). The HOA filed a response (ECF No. 22), to which plaintiff replied (ECF No. 24).

**I.     Facts**

This action arises from a dispute over real property located at 6436 Za Zu Pitts Avenue, #101, Las Vegas, Nevada. (ECF No. 1 at 2).

Dorothy Ann Jones ("Jones") purchased the property on or about August 29, 2008. *Id.* at 3. Jones financed her purchase of the property with a loan in the amount of $142,759.00 from DHI Mortgage Company ("DHI"). *Id.* DHI secured the loan with a deed of trust, which names itself as the lender, DHI Title NV Laura Bronson as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. *Id.*

On April 7, 2010, the HOA recorded a notice of delinquent assessment ("HOA lien") against the property for Jones' failure to pay her HOA dues. *Id.* at 4. On May 17, 2010, the HOA recorded a notice of default and election to sell pursuant to the lien. *Id.*

On October 10, 2011, an assignment of the deed of trust was recorded, assigning interest in the property to Bank of America, N.A. ("BANA"), successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. *Id.* On August 20, 2012, the HOA recorded a second notice of default and election to sell pursuant to the lien. *Id.* at 5. The HOA mailed a copy of the second notice to all interested parties, including BANA. (ECF No. 50-3).

On February 4, 2013, the HOA recorded a notice of trustee's sale. (ECF No. 50-4). The HOA mailed a copy of the notice to all interested parties, including BANA. (ECF No. 50-5). On May 21, 2013, the property was sold at public auction for $9,000.00. (ECF No. 50-8). On July 3, 2013, a foreclosure deed was recorded against the property. (ECF No. 1 at 5).

On October 15, 2014, plaintiff Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but as trustee of ARLP Trust, acquired all beneficial

interest in the property via a corporate assignment of the deed of trust, which plaintiff recorded.[1]
*Id.*

## II. Legal Standard

*a. Motion to dismiss*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.*

---

[1] Prior to plaintiff acquiring all beneficial interest in the trust, the deed of trust was assigned to several other institutions, none of which are parties to this case, and none of which maintains any current interest in the property.

(internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

    b. *Summary Judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

. . .

. . .

## III. Discussion

On September 18, 2017, plaintiff initiated this action against defendants. (ECF No. 1). In its complaint, plaintiff raises seven causes of action: (1) negligence; (2) negligence per se; (3) breach of contract; (4) misrepresentation; (5) breach of the covenant of good faith and fair dealing; (6) wrongful/defective foreclosure; and (7) unjust enrichment. *Id.*

As a preliminary matter, negligence per se is not a cognizable legal claim under Nevada law. "Although sometimes pled as such, negligence per se is not a separate cause of action, but a doctrine in which the duty and breach elements of a negligence claim are assumed as a matter of law." *Insco v. Aetna Health & Life Ins. Co.*, 673 F.Supp.2d 1180, 1191 (D. Nev. 2009). Accordingly, the court will dismiss plaintiff's second claim for "negligence per se."

### a. The HOA's motion to dismiss

The HOA argues in its motion to dismiss that plaintiff's claims are time-barred by their respective statutes of limitations. (ECF No. 16). The HOA correctly argues that plaintiff's claims accrued when the foreclosure sale took place. *Id.* at 3. *See Bank of New York Mellon v. Traccia Cmty. Ass'n*, No. 2:17-cv-1802-JCM-CWH, 2018 WL 1459127, at *4 (D. Nev. Mar. 23, 2018) ("Further, NRS 11.070 sets forth a five-year limitations period for quiet title claims. . . The foreclosure sale took place on January 18, 2013. Plaintiff brought this lawsuit less than five years later . . . Accordingly, plaintiff's quiet title claim is not barred by the applicable statute of limitations."); *Bank of New York Mellon Trust Co., N.A. v. Jentz*, No. 2:15-cv-1167-RCJ-CWH, 2016 WL 4487841, at *2-3 (D. Nev. Aug. 24, 2016).

Accordingly, taking the facts alleged in plaintiff's complaint as true, plaintiff's claims accrued no later than July 3, 2013.[2] (ECF No. 1 at 5). Plaintiff initiated this action just over four years later, on September 18, 2017. (ECF No. 1). The court will now address whether plaintiff's claims are time-barred.

---

[2] Plaintiff does not state in its general allegations the date on which the foreclosure sale took place. However, plaintiff does allege that on July 3, 2013, a foreclosure deed was recorded against the property, showing that Underwood Partners, LLC paid $9,000 at the HOA sale. (ECF No. 1 at 5). Therefore, the court may infer, for the purpose of the HOA's motion to dismiss, that plaintiff alleges the foreclosure sale took place at some point prior to July 3, 2013. The record demonstrates, however, that the actual date of the foreclosure sale was May 21, 2013. (ECF No. 50-7).

### i. Negligence

NRS 11.190(4)(e) provides that the statute of limitations for negligence claims is two years. Nev. Rev. Stat. § 11.190(4)(e). Therefore, plaintiff's first claim for negligence is time-barred and will be dismissed.

### ii. Misrepresentation

Plaintiff does not specify whether it intended its fourth claim for "misrepresentation" to be pleaded as fraudulent misrepresentation or negligent misrepresentation. (ECF No. 1 at 12–13). However, in Nevada, "[t]he nature of the claim, not its label, determines what statute of limitations applies." *Perry v. Terrible Herbst, Inc.*, 383 P.3d 257, 260 (Nev. 2016).

Plaintiff alleges in its complaint that "[t]he HOA failed to exercise reasonable care or competence in communicating the information within the provisions of the CC&Rs and Restated CC&Rs, including without limitation, the Mortgagee Protection Clause. . ." (ECF No. 1 at 13). This "reasonable care" language satisfies one of the required elements for a claim of negligent misrepresentation under Nevada law. *Barmettler v. Reno Air, Inc.*, 114 Nev. 441 (1998). Therefore, the court will construe plaintiff's fourth claim as one for negligent misrepresentation and apply the three-year statute of limitations for such actions pursuant to NRS 11.190(3)(d).

Accordingly, plaintiff's fourth claim is time-barred and will be dismissed.

### iii. Breach of the covenant of good faith and fair dealing

Plaintiff's fifth claim for breach of the covenant of good faith and fair dealing is governed by the four-year limitations period set forth in NRS § 11.190(2)(c). *See* Nev. Rev. Stat. § 11.190(2)(c) (four-year period for "[a]n action upon a contract, obligation or liability not founded upon an instrument in writing). *See also Schumacher v. State Farm Fire & Cas. Co.*, 467 F. Supp. 2d 1090, 1094-95 (D. Nev. 2006).

Therefore, plaintiff's fifth claim is time-barred because it was not filed within four years of the foreclosure sale. Accordingly, the court will dismiss plaintiff's fifth claim.

### iv. Wrongful/defective foreclosure

In its motion to dismiss, the HOA contends that plaintiff's wrongful foreclosure claim is governed by NRS 11.190(3)(a)'s three-year statute of limitations on actions based "upon a liability

created by statute, other than a penalty or forfeiture." (ECF No. 16 at 4). A claim for wrongful foreclosure "challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, LLP v. Adept Mgmt. Servs.*, 129 Nev. 610, 616 (2013). NRS Chapter 116, which authorizes HOAs to enforce liens by non-judicial foreclosure, is the authority behind the sale at issue here.

Plaintiff alleges that the HOA violated various provisions of NRS Chapter 116 when conducting this sale. (ECF No. 1 at 14). Plaintiff's wrongful-foreclosure claim is thus an "action upon a liability created by statute," and is therefore governed by the three-year statute of limitations set forth in NRS 11.190(3)(a). Therefore, plaintiff's sixth claim is time-barred because it was not filed within three years of the foreclosure sale. Accordingly, the court will dismiss plaintiff's sixth claim.

### v. *Unjust enrichment*

In Nevada, the statute of limitations for an unjust enrichment claim is four years. Nev. Rev. Stat. § 11.190(2)(c); *Kahn v. Dodds (In re AMERCO Derivative Litig.)*, 252 P.3d 681, 703 (Nev. 2011). Accordingly, because plaintiff initiated this action more than four years after its claims accrued, the court will dismiss plaintiff's seventh claim for unjust enrichment.

### vi. *Breach of contract*

In Nevada, an action upon a contract, obligation, or liability founded upon an instrument in writing is governed by the six-year limitations period set forth in NRS § 11.190(1)(b). *See* Nev. Rev. Stat. § 11.190(1)(b). Because plaintiff's third claim for breach of contract was filed within six years of the foreclosure sale, plaintiff's third claim is not time-barred by the applicable statute of limitations and will not be dismissed on those grounds.

As a result of the foregoing, the only claim that remains is plaintiff's claim for breach of contract, which the court will now address pursuant to plaintiff and defendant HOA's cross-motions for summary judgment.

### b. *Plaintiff and defendant HOA's cross-motions for summary judgment*

Plaintiff's sole remaining claim for breach of contract is predicated on the notion that the HOA's CC&Rs constitute a contract for which plaintiff is a third-party beneficiary. (ECF No. 1

at 12). Plaintiff argues in its motion for summary judgment that the "CC&Rs specifically provide for the protection of deeds of trust recorded against a property within the association." (ECF No. 54 at 10). Plaintiff alleges that the HOA's foreclosure of the property, which extinguished plaintiff's first deed of trust, constitutes a breach of the HOA's CC&Rs. *Id. See* (ECF No. 1 at 12).

However, the Nevada Supreme Court has held that NRS 116.3116 defeats this argument. *See SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014). In *SFR*, the Nevada Supreme Court held:

> Chapter 116's "provisions may not be varied by agreement, and rights conferred by it may not be waived . . . [e]xcept as *expressly* provided in' Chapter 116. (Emphasis added.) "Nothing in [NRS] 116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien." *See 7912 Limbwood Court Trust*, 979 F. Supp. 2d at 1153; The mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case. *See Boulder Oaks Cmty. Assn v. B & J Andrews Enters., LLC*, 125 Nev. 397, 407, 215 P.3d 27, 34 (2009) (holding that a CC&Rs clause that created a statutorily prohibited voting class was void and unenforceable).

*Id.*

Therefore, plaintiff is not entitled to relief on this claim as a matter of law. Accordingly, the court will grant defendant's motion for summary judgment on plaintiff's last remaining claim for breach of contract.

*c. The parties' remaining motions*

Still pending in this case are the following motions: (1) defendant NLSS's motion for summary judgment (ECF No. 35); (2) plaintiff's first motion for leave to conduct discovery (ECF No. 18); (3) plaintiff's second motion for leave to conduct discovery (ECF No. 43); and (4) plaintiff's motion to stay case (ECF No. 19). Because the court has granted summary judgment in favor of the HOA, thereby determining that plaintiff is not entitled to relief on any of its claims, the court will deny these pending motions as moot.

. . .

. . .

. . .

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Hollywood Ranch Homeowner's Association's motion to dismiss (ECF No. 16) be, and the same hereby is, GRANTED in part, and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant Hollywood Ranch Homeowner's Association's motion for summary judgment (ECF No. 50) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Christiana Trust's motion for summary judgment (ECF No. 51) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Nevada Legal Support Services' motion for summary judgment (ECF No. 35) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff Christiana Trust's first motion for leave to conduct discovery (ECF No. 18) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff Christiana Trust's second motion for leave to conduct discovery (ECF No. 43) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff Christiana Trust's first motion to stay case (ECF No. 19) be, and the same hereby is, DENIED as moot

DATED September 21, 2018.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE